## Edwin S. Thomas, Appellee, v. Stephen D. Seaman and Henry A. Blair, Appellants.

### Gen. No. 21,304.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 6, 1915.

### Statement of the Case.

Action by Edwin S. Thomas, plaintiff, against Stephen D. Seaman and Henry A. Blair, defendants, in the Municipal Court of Chicago, to recover back money paid under a contract for land and shares of stock alleged to have been breached by defendants.

The contract was dated March 11, 1911. By it plaintiff agreed to buy and defendants to sell certain land in Colorado, and certain shares of the capital stock of an irrigation company for $5,400, payable in four instalments, $1,800 down, which was paid, and the balance in three instalments, the first due on or before March 11, 1912, the others in two and three years respectively. When the payment due on or before March 11, 1912, was made, plaintiff was to be "entitled to an abstract of title and to a warranty deed to said land," and the "seller agrees to furnish abstract of title and transfer said land and ditch stock as herein provided." Further provisions are:

"While buyer is not in default, he may have possession of said premises and use of water on said ditch stock until title, by deed to said land and ditch stock is delivered."

"If seller fails at any time to carry out the terms of this contract, then all the purchase price and the interest that has been paid at such time may be returned to buyer by seller in full accord and satisfaction of all claims of buyer hereunder."

Also that "time shall be the essence of this contract."

Between March 11 and April 4, 1911, plaintiff took possession of the land. On April 4, 1911, he paid the instalment due on or before March 11, 1912. Defendants did not then deliver the stock, abstract and deed, nor any of them, and made no tender until December 26, 1912, when a deed was tendered and refused. Plaintiff remained in possession of the premises from about April 4, 1911, until June, 1912, abandoning them at that time after having in April, 1912, demanded performance by defendants, saying that if the deed was not forthcoming within three days suit would be brought. Later plaintiff wrote letters indicating a willingness to buy the land at the contract price, providing defendants gave or allowed him sufficient compensation for damages caused by delay. No agreement as to such compensation was ever made. There was evidence that prior to bringing this action plaintiff had considered exchanging properties with other persons.

From a judgment for plaintiff for $3,334.25, defendants appeal.

HOWARD M. CARTER and F. W. WALKER, for appellants.

HAASE & HOWARD, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. VENDOR AND PURCHASER, § 92*—*when delay in performance waived.* Although a contract for the sale of land may provide that

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

time shall be of the essence thereof, such a condition may be waived by retaining possession of the land after the right to rescind has accrued.

2. VENDOR AND PURCHASER, § 87*—*what acts sufficient to show rescission.* In an action to recover back money paid under a contract to purchase land, where the evidence shows that defendants failed to deliver a deed and abstract at the time of the payment of an instalment as provided by the contract, and plaintiff, about thirteen months after the time for delivery, notified defendants that if performance was not made within three days suit would be brought, and later, upon defendants still failing to perform, abandoned the land, such notice and abandonment amounted to a valid rescission of the contract, the only obligation between the parties at this time being money due and owing from defendants to plaintiff.

3. VENDOR AND PURCHASER, § 106*—*when right to rescind not waived.* In an action to recover back money paid under a contract where plaintiff claims a rescission, letters written after the acts relied on to show a rescission expressing a willingness to purchase the property if defendants gave or allowed compensation for damages resulting from their delay in performing, *held* insufficient to prove either a waiver of recission or a want of intention to rescind, it nowhere appearing that the amount of compensation to be paid was ever agreed on.

4. VENDOR AND PURCHASER, § 106*—*when evidence insufficient to show retraction of rescission.* In an action to recover back money paid under a contract to purchase land where plaintiff had effectively rescinded, and where defendants were urging plaintiff to come to some agreement as to the controversy, the fact that plaintiff discussed with third persons an exchange of the property in question for property belonging to them, *held* not sufficient to show a waiver of the rescission, as the terms which plaintiff might be willing to make with defendants might depend on what disposition he could make of it.

5. CUSTOMS AND USAGES, § 16*—*what effect of custom as to actual delivery of stock certificates.* In an action to recover back money paid under a contract to purchase land and stock of a Colorado ditch corporation, the fact that no certificates of the stock were ever tendered, *held* immaterial where it appears that both by the contract and the method of handling such matters in Colorado no actual delivery of stock was contemplated by the parties.

6. VENDOR AND PURCHASER, § 123*—*when vendor required to furnish abstract and deed in reasonable time.* Where a contract to purchase land provides that the vendee shall be entitled to an abstract of title and a deed on making certain payments, such abstract and

---

*See **Illinois Notes Digest**, Vols. XI to XV, and **Cumulative Quarterly**, same topic and section number.

deed must be furnished within a reasonable time after such payments were made.

7. VENDOR AND PURCHASER, § 123*—*what delay in furnishing abstract and deed unreasonable.*  Where a contract to sell land is construed to require grantors to furnish an abstract of title and deed within a reasonable time after certain payments were made, a delay of one year and eight months in making tender of such deed and abstract *held* unreasonable.